(7 App. Div. 269)

### AMERICAN LUCOL CO. v. BEECHER et al.

(Supreme Court, Appellate Division, First Department. June 29, 1896.)

PLEADING—COMPLAINT—SINGLE CAUSE OF ACTION.

 A complaint against underwriters and their assignees on a policy of insurance does not join several causes of action where it alleges the execution of the policy, and loss under it; the apportionment of the loss among all insurers, in accordance with the terms of the policy; that, under the articles of association between the underwriters, a fund was created which it was agreed should never fall below $16,000, to be held by a committee, and that the personal liability of each underwriter under all policies issued by them should not exceed $5,000; that policies have been issued largely in excess of such amount; that the underwriters afterwards transferred their interests in the association to their co-defendants, and transferred the fund to a new committee; and that the fund had been reduced below the minimum provided for in the articles of association; that such funds were primary funds out of which losses were payable; and demanded judgment that such funds should be applied to the amount due plaintiff and others similarly situated, and that the transfer of the funds should be adjudged illegal as against plaintiff and others similarly situated, and should be set aside, and the fund paid over to a receiver.

Appeal from special term, New York county.

Action by the American Lucol Company against William C. Beecher and others on a Lloyd's policy of insurance, defendants being all the underwriters on the policy. Defendant Joshua Brown demurred to the complaint on the grounds: First, that it improperly joined causes of action, in that it united (1) an action to recover on the several liability of each underwriter on his promise contained in the contract of insurance, (2) a judgment creditors' action, (3) an action on a promise made for the benefit of a third person, and (4) an action for the violation of a trust; and, second, that the complaint did not contain facts sufficient to constitute a cause of action. From an interlocutory judgment overruling the demurrer, defendant Brown appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Menken Bros., for appellant.
F. K. Pendleton, for respondent.

INGRAHAM, J. As to the first ground of demurrer, we think but one cause of action was alleged in the complaint, and that the complaint was not open to the objection therein specified. The complaint alleges the execution of the policy of insurance by the defendants; that a loss occurred under the policy, and that such loss was duly apportioned among all insurers, and that the amount due and payable thereon under the policy executed by the defendants was the sum of $4,813.20, "which said sum was fixed, determined, and adjusted after compliance with all the terms and provisions of said policy in regard to determining, fixing, and adjusting the amount of loss, and was agreed to by said defendants as the sum payable under said policy, and due notice was thereupon given as required by said policy, and said sum became due and payable sixty days thereafter; that said sixty days have long since expired, but that neither the same, nor any part thereof, has been paid, although duly demanded." The complaint then alleges that under the articles of association between the underwriters who are defendants in the action a fund was constituted by contribution of $1,400, made by each of the underwriters, and by the premiums received upon policies issued under such agreement, which it was agreed should never fall below an aggregate of $16,000, to be held by certain of the underwriters called the "Advisory Board," and that the personal liability of each of the defendants upon all policies issued by them under the agreement should not exceed in the aggregate $5,000 for each insurer; that large numbers of policies had been issued insuring property in a sum largely in excess of said aggregate sum for which all the underwriters were liable; that subsequently each of the said underwriters, by an agreement among themselves, sold, transferred, and assigned his interests in said association to one of the defendants in this action other than those who are underwriters upon original policies, and transferred such fund to a new committee, appointed, which fund had been by such new committee appropriated to purposes other than that provided

for in the agreement; and that thereby said fund was reduced below the minimum of $16,000, provided for by the articles of association. It is further alleged that by the policy such fund was made a primary fund out of which all losses under policies issued by said underwriters should be paid, and that, in consequence of this illegal disposition of such fund, plaintiff's right to have such fund applied to the payment of the amount due under the policy was impaired or destroyed; and that the plaintiff's security for the payment of the loss, which, by the terms of the policy was to be kept for him, was destroyed. The complaint then demands judgment that such original fund or deposit should be applied to the amount due plaintiff and others similarly situated, that the transfer of such fund should be adjudged illegal and unauthorized as against plaintiff and those similarly situated, that the same should be set aside, and that such fund should be repaid and turned over to a receiver to be appointed.

The action is brought on behalf of the plaintiff and all others similarly situated who shall come in and be made parties to the action. But one cause of action is here alleged, and that is to set aside an illegal and unauthorized transfer of a fund which, by the agreement between defendants and the plaintiff and other holders of policies issued by the defendants, should be maintained as a fund with which to pay the amount due to policy holders under policies issued by the underwriters who were defendants. No individual judgment to recover the amount due upon the policy is asked against any of the defendants. What the plaintiff seeks is to have applied to the payment of his claim a fund held by the defendants who are called the "Advisory Board," which, by the policy, was to be primarily liable to the payment of any loss under the policy; and, to accomplish that, that a certain transfer of that fund to others be held to be illegal and set aside. All of the persons having any interest in this fund are made parties defendant. This defendant demurring is not one of the original underwriters, but is a defendant to whom the original underwriters have transferred their interests in the fund. Against him no personal judgment of any kind is asked, except so far as the judgment should decree that the transfer of this fund from the trustees, in whom it was vested for the benefit of this plaintiff and others similarly situated, be declared void, and the amount of that fund applied to the payment of a claim which, by the agreement between the original underwriters, one of whom is this demurring defendant's assignor, and the plaintiff, should be a primary fund from which any loss under this policy should be made payable. As an assignee of one of the original underwriters and those interested in the fund, the title to which is involved in this action, this demurring defendant was a proper party. There is no cause of action alleged to recover from this defendant any liability as an underwriter, nor does the plaintiff seek to enforce a right against this defendant on the theory of a judgment creditor, nor does the plaintiff seek to enforce a promise made for the benefit of a third party not privy to the consideration; and while the cause of action is to some extent based upon a

violation of a trust, the primary object is to reach a trust fund which was to be held for the benefit of this plaintiff and others similarly situated.　As but one cause of action is alleged in the complaint, and as this demurring defendant is made a party simply as one having an interest in the fund, the disposition of which is sought to be affected, his demurrer that several causes of action have been improperly united is without merit.　The demurrer states as a ground of demurring that the complaint does not state facts sufficient to constitute a cause of action, but, as this ground was not pressed upon us on the argument, and is not relied upon in the appellant's brief, it is not necessary to refer to it.

We think the judgment appealed from is right, and that it should be affirmed, with costs.　All concur.